**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

|  |  |  |  |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Case No.: | 2:24-CR-04033-SRB-01 |
| v. | ) | | |
| | ) | | |
| TONKA PONDER, | ) | | |
| Defendant | ) | | |
| | ) | | |

**MOTION TO QUASH SUBPOENA**

COMES NOW counsel for the defendant in the above referenced cause to respectfully move this Honorable Court to quash a subpoena pursuant to Fed. R. Crim. P. 17(c)(2) and in support thereof states as follows.

1. Counsel represents Mr. Tonka Ponder, one of eight defendants in a lengthy superseding indictment filed July 23, 2024. (Doc. 111).

2. Mr. Ponder has pled guilty pursuant to a plea agreement with the United States. (Doc. 300, 303).

3. All but one defendant has changed his or her plea, and the remaining defendant intends to proceed to trial on June 22, 2026.

4. On June 11, 2026, counsel was served with a subpoena to produce documents, information, or objects in this case, specifically, "[a]ll videos taken on July 15, 2021 from Casablanca Pub and Grille, any of the surrounding restaurants/bars/stores, and any cell phone videos obtained from any witness concerning the Casablanca incident that have not previously been provided by the Government in discovery in this case."

5. Fed. R. Crim. P. 17(c)(2) allows this Court to quash the subpoena because compliance would be unreasonable or oppressive.

6. Counsel's acknowledgment of the existence, or lack thereof, of the requested materials is itself protected by the work-product doctrine as well as attorney-client confidentiality. *Shelton v. Am. Motors Corp.* 805 F.2d 1323, 1328 (8th Cir. 1986); Mo. Sup. Ct. R. 4-1.6.

7.     The subpoena seeks protected, confidential, non-discoverable information. Fed. R. Crim. P. 16(b)(1)(A) requires disclosure of documents and objects when they are (i) within the defendant's possession, custody, or control; and (ii) the defendant intends to use them in the defendant's case-in-chief at trial. Fed. R. Crim. P. 16(b)(1)(A)(i, ii). Any affirmation or acknowledgment of the first would violate the work-product doctrine as well as counsel's ethical obligation to maintain client confidences. Part ii is not met as Mr. Ponder is not proceeding to trial.

8.     The subpoena *duces tecum* "was not intended to provide a means of discovery for criminal cases." *U.S. v. Nixon*, 418 U.S. 683, 698 (1974).

9.     The United States seeks to intrude upon counsel's privileged and confidential file to ascertain whether counsel has information it would like to use against Mr. Ponder's co-defendant, and presumably anyone else, *all while Mr. Ponder's case remains pending*. Should the government be allowed to subpoena the fruits of counsel's investigation in an ongoing case, the incentive to effectively investigate a case would be destroyed.

10.     There are, of course, many client files the government would like to inspect, but requiring counsel to acquiesce to such a demand would render defendants' expectations of confidentiality and their Sixth Amendment right to counsel illusory. I doubt that the proud men who wrote the charter of our liberties would have been so eager to open their files for royal inspection. *See Maryland v. King*, 569 U.S. 435, 482 (2013) (Scalia, J., dissenting).

WHEREFORE, because the subpoena requiring counsel to acknowledge and divulge protected materials and information from counsel's file, materials not subject to Rule 16 disclosures, all while the case against the client remains pending, is unreasonable and oppressive, counsel respectfully moves for this Court's order quashing the subpoena and for any and all other relief the Court deems just and proper.

RESPECTFULLY SUBMITTED:

/s/ TJ Kirsch
T.J. Kirsch Mo. Bar No. 66007
Attorney for the Defendant
Kirsch & Kirsch, LLC
214 E. McCarty St.
Jefferson City, Missouri 65101

(573) 222-0826
TJ@KK-Attorneys.com

## Certificate of Service

I hereby certify that on this day, June 12, 2026, an electronic copy of the foregoing was sent through the CM-ECF system of the United States District Court for the Western District of Missouri to counsel of record.

/s/ TJ Kirsch
TJ Kirsch